RENDERED: MARCH 31, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0601-MR

JASON KINMAN                                                        APPELLANT

APPEAL FROM BOONE CIRCUIT COURT
v.       HONORABLE JAMES R. SCHRAND, II, JUDGE
ACTION NO. 21-CR-00285

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, LAMBERT, AND McNEILL, JUDGES.

EASTON, JUDGE: The Appellant ("Kinman") seeks reversal of the judgment

entered by the Boone Circuit Court after his conditional guilty plea to a driving

under the influence ("DUI") fourth.[1] Kinman argues the result of his blood test

should have been suppressed because he was not provided the required opportunity

---

[1] Driving under the influence fourth or subsequent offense within a ten-year period in violation of Kentucky Revised Statutes ("KRS") 189A.010.

to obtain an independent test.  From our review of the record, we hold the circuit court correctly denied the suppression motion, and we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2020, Kinman struck another vehicle and then a utility pole.  Kinman's vehicle was rendered inoperable.   Florence City Police Officer Jacob Whitford ("Whitford") arrived at the scene.  Whitford observed signs of Kinman's impairment.  Whitford took Kinman to nearby St. Elizabeth Hospital.

The interaction between Kinman and Whitford was captured by a body camera worn by Whitford.   Whitford informed Kinman of Whitford's request for a blood test to which Kinman consented.  Whitford properly read the warnings required by KRS 189A.105 and asked Kinman if he wanted an independent test.  In response, Kinman just said he did not have his wallet or his phone.  Significantly, Whitford had previously allowed Kinman to use Whitford's phone when Kinman specifically requested an opportunity to call an attorney.  Kinman was unsuccessful in reaching an attorney.

The Boone County Grand Jury indicted Kinman for DUI 4th.  A review of Kinman's entire criminal history indicates this was his seventh DUI, including one while operating a boat.  His DUI history is relevant when considering his experience and understanding of testing procedures for such charges and his prior interaction with police in such situations.

The circuit court conducted a suppression hearing on October 26, 2021. After submission of written arguments, the circuit court denied Kinman's motion. Kinman subsequently entered his conditional guilty plea. This appeal followed.

STANDARD OF REVIEW

"When reviewing a trial court's denial of a motion to suppress, we utilize a clear error standard of review for factual findings and a de novo standard of review for conclusions of law." *Jackson v. Commonwealth*, 187 S.W.3d 300, 305 (Ky. 2006). The factual findings of the circuit court are supported by the evidence, and we accept them. Our analysis will address the legal question of what accommodation Whitford was required to give in the circumstances.

ANALYSIS

The facilitation required of an officer is explained in the seminal case of *Commonwealth v. Long*, 118 S.W.3d 178 (Ky. App. 2003). Long was arrested for a DUI and provided a breath test at the local jail. Ironically, Long was a phlebotomist working at nearby St. Joseph Hospital. Long clearly requested an independent test. *Id*. at 180.

When Long was arrested, her roommate had driven the car away. Long's purse was in the car. Long requested an opportunity to call her roommate to meet her at the hospital with her purse. The arresting officer refused this

request. The sole question was whether the refusal to allow the phone call resulted in a violation of the right to obtain an independent test. *Id*. at 180-81.

This Court in *Long* recognized the right to obtain an independent test provided by KRS 189A.103 as well as the required process, which includes informing the person charged of the right and giving them an opportunity to request the test. KRS 189A.105. If the request is made, the arresting officer must provide some level of facilitation. *Long*, 118 S.W.3d at 183. This Court used various terms for this facilitation including allowance, assistance, and accommodation. *Id*.

If the arresting officer does allow the independent test requested, a series of factors borrowed from Georgia law are to be considered in determining if the statutory right has been violated. *Id*. at 184. But this assumes an invocation of the right by the person arrested. We must decide if the circuit court erred when it concluded the undisputed interaction between Kinman and Whitford was not a request for the independent test.

What specific answer is required to the question of "Do you want such a test?" is not stated in the statute, although this Court has stated in dicta the question calls for a yes or no answer. *Commonwealth v. Morgan*, 583 S.W.3d 432, 434 (Ky. App. 2019). In the context of an invocation of the right to counsel before questioning, the Kentucky Supreme Court has recently held the invocation must be

"unequivocal and unambiguous." *Cox v. Commonwealth*, 641 S.W.3d 101, 119 (Ky. 2022). But we have found no reported Kentucky case addressing what the officer is expected to do when the response to the question about an independent test is less than clear.

Finding it is again consistent with Kentucky precedent, we will again borrow from Georgia law as we did in *Long*:

> An officer does not unjustifiably fail to obtain an additional, independent chemical test when a suspect makes only an unclear, ambiguous, or equivocal statement that could have been, with the benefit of hindsight, interpreted as a request for additional testing. Whether a clear request was made is determined by examining the words used by the suspect, the context of the conversation between the officer and the suspect regarding chemical testing, and other circumstances relevant to whether or not the suspect expressed a desire for such testing.

*State v. Henry*, 864 S.E.2d 415, 420 (Ga. 2021) (citation omitted).

When Whitford asked Kinman whether he wanted an independent test, Kinman said only that he did not have his wallet or phone. Kinman did not say that he wanted another test at that hospital or elsewhere. He did not ask Whitford to get his wallet for him or to again borrow his phone. From Whitford's perspective Kinman was just offering an excuse for why he was not asking for an independent test. After this interaction, Kinman is asked to check "no" on the

form to indicate he was not asking for an independent test. Kinman is seen writing on the form which is returned to Whitford.

Kinman makes much of the inventory of his effects when he was incarcerated, which included $720 in cash in the wallet. But no evidence was offered of Whitford's knowledge of that during the interaction about the independent test. Whitford would not necessarily have known of the availability of enough cash to pay for the test at the relevant time.

It is important to consider the other interaction between Whitford and Kinman. When Kinman specifically asked for the opportunity to call an attorney, Whitford accommodated this. Whitford had gone to his cruiser to obtain items during the visit to the hospital and prior to the interaction about the independent test.

Providing accommodation or allowance or any other similar word for assistance does not rise to the level of turning the officer into an advocate for the arrested person. Whitford was not required to cajole out of Kinman a more specific statement such as asking "well, do you want the test here or somewhere else, or do you want me to fetch your wallet?"

Kinman did not unambiguously or unequivocally request an independent test. In these circumstances, when considered as a whole, Whitford

did not fail to accommodate a request for an independent test. Whitford acted reasonably.

CONCLUSION

The Boone Circuit Court did not err in denying Kinman's Motion to Suppress. As a result, the Judgment based upon Kinman's conditional guilty plea is AFFIRMED.

ALL CONCUR.


BRIEF FOR APPELLANT:

Harry P. Hellings, Jr.
Covington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Mark D. Barry
Assistant Attorney General
Frankfort, Kentucky